

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00136-CR

Jaime Lee **JAIME**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 365th Judicial District Court, Dimmit County, Texas
Trial Court No. 19-12-03329-DCRAJA
Honorable Amado J. Abascal III, Judge Presiding

Opinion by:    Rebeca C. Martinez, Chief Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Luz Elena D. Chapa, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: January 17, 2024

AFFIRMED

A jury convicted appellant Jaime Lee Jaime of one count of assault on Wife,[1] a family member or a person with whom he had a dating relationship, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2). The jury assessed punishment at imprisonment for seven years in the Texas Department of Criminal Justice. The trial court signed a final judgment of conviction and sentence in accordance with the jury's verdict. Jaime timely appealed. In one

---

[1] We use a pseudonym for the complainant.

issue, Jaime contends that "[t]he State improperly denied [him] constitutionally guaranteed due process." We affirm.

Before voir dire, Jaime objected to the State's motion in limine that sought to limit "any reference to punishment during any portion of the guilt/innocence phase of trial." Specifically, Jaime, through counsel, argued:

JAIME:      . . . I mean, I believe they just need to find that he has been convicted of a prior assault/family violence; but the arguments I have — and I sent an Appellate Court case to them last week — it's just so prejudicial to tell somebody: Well, he's already been convicted of this once. We don't normally do that, but —

COURT:      Well, they're going to have to say that they intend to show, not that he has.

JAIME:      Right.

COURT:      So as long as it's phrased that way, it's not prejudicial because it's still an element that they would need to prove, like any other —

JAIME:      Right. And then if they — and if they do show it, they might find that he's guilty just based on the prior conviction: Oh, he's done it before. So I'm — I think I'm allowed to voir dire about that, how people would feel about that, how they would feel about possibly hearing that he may have been — a conviction of this same type of — of assault before.

COURT:      You can — you can do that.

JAIME:      Yeah. That's what I want to do. And I'm going to do it as a hypothetical.

STATE:      I just need to — just don't refer to it as enhancement.

JAIME:      I won't use the word "enhance." That's fine.

STATE:      I'm just saying because it's an element. So one of the elements that they have to prove is that he's got a prior conviction. How do you-all feel about — you know, that this —

COURT:      Well, not how you-all feel; but, I mean, would you convict on this only because you found out that he had a prior conviction.

STATE:      Right.

COURT:      You can't — [ask "]how do you feel about it,["] that's going to open the door to —

STATE:      Yeah.

JAIME:      Yeah.

COURT:      — everything.

STATE:      I'm just — I — I would ask that it be referred to as one of the elements of the Charge. This is one of elements that they have to prove.

COURT:      The State has to prove in order to convict him of this offense that he's charged with in the indictment.

JAIME:      Okay.

At trial, Wife testified that Jaime had assaulted her on two separate occasions. The most recent assault occurred on September 28, 2018, and it resulted in the underlying trial. The earlier assault occurred on November 17, 2017. Wife recalled that, as a result of the November 17, 2017 assault, Jaime was arrested and he "appear[ed] before a court."

After Wife testified, the State called Daniel M. Gonzales, the County Attorney for Dimmit County, Texas. Jaime objected to the State calling Gonzales, arguing:

JAIME:      I believe they're calling Mr. Gonzalez to get into the facts of the prior conviction which I think will be improper. It violates 404. It's not relevant because it's not an element of — the facts are not an element. And I think [Wife] already testified that, yes, she's aware of his conviction and she was the victim, and she even said the dates.

So I think there's — I think anything Mr. Gonzalez states is cumulative and repetitive; so I — and I'm going to object under 404(b) under my — my right to cross, my client's right, Sixth Amendment right to cross-examine the witness on these facts. I don't have any of this information other than the judgment.

COURT:      It was my understanding that he was not going to testify as to the particular conduct, just —

STATE:      Right, Your Honor. He's — he's more here to — so we can solidify the conviction as to the, I guess, legal process of getting to that conviction; but he's not going to testify as to what, when, how, any of that.

JAIME:      That's beyond the scope of the element that's required. We don't — they don't need to learn about the process. They just need to know that he had a conviction, that's it, and he wants to tell them about what it took to get there and his arrest, all that. That's —

STATE:      No. I mean, we're going to describe that, you know, he was presented before the Court; you know, he — whether he entered or was found guilty, and then at this point we have the judgment.

JAIME:      All that is prejudicial, Judge. They're just beating him up.

STATE:      We have to prove up our conviction.

COURT:      All right. The objection is overruled.

Gonzales testified that he prosecutes misdemeanor charges in the county court. Gonzales identified a judgment, signed by the Dimmit County Court on June 26, 2018, that found Jaime guilty of "assault/family violence." The State offered the June 26, 2018 judgment, and it was admitted without objection.[2]

In the summary of the argument section of Jaime's brief, he contends that, "[i]n the guilt-innocence phase of a jury trial, the inclusion of a crime of moral turpitude as both a jurisdictional requirement and an element of the same crime for which the defendant is indicted effectively denies the defendant his constitutionally protected right of substantive due process." In the argument section of Jaime's brief, he references the objection he made before voir dire. Jaime then attempts to survey the testimony of four witnesses and concludes by arguing that "[o]ther than a previous conviction, what [other] basis could a jury have to rationally convict the Appellant?"

---

[2] Jaime specifically asserted, "I agree to admit this evidence. This is the only thing they need to show the jury. They don't need his testimony. Again, they're just trying to prejudice my client every way possible."

The State responds by arguing, among other things, that Jaime failed to preserve the substantive due process argument that he now asserts.

"An objection stating one legal theory [at trial] may not be used to support a different legal theory on appeal." *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (quoting *Johnson v. State*, 803 S.W.2d 272, 292 (Tex. Crim. App. 1990)); *see also Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004) (holding that defendant failed to preserve Confrontation Clause complaint for appellate review when trial objection was solely on hearsay grounds).

Liberally construing Jaime's brief, we believe he now contends that nesting a prior misdemeanor conviction of assault against a family member within the elements of a third-degree assault against a family member charge constitutes a deprivation of his substantive due process rights. This contention was not presented to the trial court at either the arguments before voir dire or before Gonzales testified. Accordingly, Jaime's sole issue is waived.

We affirm the trial court's judgment.

Rebeca C. Martinez, Chief Justice

DO NOT PUBLISH